18-2479-cr
United States v. Cutler

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
                RAYMOND J. LOHIER, JR.,
                RICHARD J. SULLIVAN,
                  *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee*,

     v.                        No. 18-2479-cr

JOHN P. CUTLER,

      *Defendant-Appellant*.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:  PETER J. TOMAO, Law Office of Peter J. Tomao, Garden City, NY.

FOR APPELLEE:    TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The appellant, John P. Cutler, pleaded guilty to one count of receipt of child pornography following a state law conviction for abusive sexual conduct, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).   The District Court (Vilardo, J.) imposed a sentence of 262 months' imprisonment followed by a life term of supervised release.   The District Court also imposed a special condition of supervised release that prohibits Cutler from having "unsupervised in-person contact with any child under the age of 18, including his biological or adopted children, unless approved by the probation officer or by the Court."   App'x 138. We assume the parties' familiarity with the underlying facts and prior record of

2

proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Cutler does not challenge the reasonableness of the special condition as applied to his existing biological children. His only argument is that the District Court abused its discretion in imposing this condition insofar as it infringes his due process liberty interest in maintaining a parent-child relationship with any additional children that he might have in the future. See United States v. Myers, 426 F.3d 117, 125 (2d Cir. 2005). He claims that the District Court failed to justify that infringement based on the existing record. While the challenged condition of supervised release in this case represents a potential deprivation of Cutler's liberty interests arising from the nature of his relationship with future children, we find that the condition is justified on the record before us and is narrowly tailored to serve a compelling government interest. See id. at 126. In any event, the District Judge appropriately indicated that Cutler could later ask the District Court under 18 U.S.C. § 3583(e) to modify or terminate this condition of supervised release to account for any unforeseen or changed circumstances. App'x 90, 121.

We have considered Cutler's remaining arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment, but make clear that Cutler may renew his constitutional challenge to the special condition of supervised release before the District Court, should Cutler have additional children to whom the condition would apply in the future.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court